*93 o m n o ii.
St. Paul, Judge
This appeal involves only a ruling on evidence.
The suit is upon promissory notes still held by the original payee. The only defense is partial failure tti consideration, to wit, that beoause of oertain false and fraudulent representations touching the consideration for whioh the notes were given, defendant received less than h&d been agreed upon: and he claims credit upon the notes for the difference.
That is to say, the notes having been given in part payment for a Bar Room, and "the buyer assuming all obligations due, "defendant olalms, and attemptsd to prive by parol testimony, 1. That the outstanding obligations thus assumed were falsely and fraudulently repersented as amounting to only $10ú, whereas in fact they amounted to $150:
? falsely 1 2. That it was^and fraudulently represented that during the few days when negotiations were in progress, no goods had been taken out of stock except in the usual course of business, whereas in fact goods to the value of $30 had been so removed.
This evidence was excluded on the ground that it tended to vary a written instrument, the sale being in writing and containing the aforesaid clause*, to wit, "The buyer assumes all obligations as-to 0 ^smount of stock on hand..
We think the evidence was erroneously excluded. Parol evidence is of course not admissible to vary the tenas of a written instrument: but we do not see in the evidence offered any attempt to vary the terms of the contract.
On the contrary, defendant admits the full foroe of those terms and hence his obligation to pay the outstanding debts; but it is precisely because of this that he complains,to wit,that he was induced ##;{£##$### to assume, did did assume, those obligations upon the false *94 representations made to him by plaintiff; whereby,, to the extent of those false representations, there was failure of consideration, slnoe he did not reoeive all that he was to rea&ive»
New Orleans, La. May 1918.
And parol evidence is always admissible for the purpose of showing fraud or failure of oonsideration.
The ride is thus stated by Mr. Ho« Kelvey in his work: on evidence; "When a written instrument is alleged to be invalid for fraud in its procurement, or any other reason, oral testimony is admissible to show the circumstances of its execution." Section 295 (p.455)
And in the note to this section he says, "Failure of oonsideration may always be shown, sinoe it touohes the validity of the instrument,’1
Of course the rule is the same as to partial failure of consideration, since this invalidates the instrument pro tanto.
We are then olearly of opinion,that defendant is entitled to show by parol testimony, if he can, the alleged false representations of which he ooiqplains.
The judgment appealed from is therefore reversed, and the oause is now remanded to the oouttt ^faua for further proceedings in aocordanc with the views above expressed; the costs of this appeal to be paid by the appellee, and the other costs to await final judgment.